**UNITED STATES OF AMERICA**

v. 405CR121

**TERENCE DEVON HAMILTON**

## ORDER

This Court denied defendant Terence Devon Hamilton's motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2). Doc. # 49.[1] He now appeals, doc. # 51, and moves for reconsideration. Doc. # 50.

The Court denied Hamilton's § 3582(c)(2) motion "because his offense level was determined pursuant to the career offender provisions of the sentencing guidelines." Doc.

---

[1] On 2/13/06, the Court sentenced Hamilton to 200 months upon his guilty-plea conviction on one count of violating 21 U.S.C. § 841(a)(1). Doc. # 33. However,

> [on 11/1/07] the [U.S.] Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in [United States Sentencing Guidelines (U.S.S.G.)] § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of [3/3/08]. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

*U.S. v. Moore*, ___ F.3d ___, 2008 WL 4093400 at * 1 (11th Cir. 9/5/08). Defendants, then, may invoke the amended crack guidelines to seek sentence reductions under 18 U.S.C. § 3582(c)(2). *See U.S. v. Smith*, 2008 WL 2148075 at * 1 (E.D.Wis. 5/21/08) (unpublished). Hamilton invokes that remedy to reduce his sentence.

# 49 at 1. Hamilton currently has a 28 U.S.C. § 2255 motion pending. In it he seeks relief based on his overturned state convictions, two of which supported Hamilton's classification as career offender here. He thus seeks resentencing absent the career offender enhancement. He reminds the Court that the U.S.S.G. are discretionary, rather than mandatory, *see U.S. v. Booker*, 543 U.S. 220 (2005). Doc. ## 44, 50.

Hamilton's argument has some legs:

> The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. *See United States v. Walker*, 198 F.3d 811, 813 (11 Cir.1999).

*Cooper v. U.S*, 2008 WL 3992331 at * 7 (S.D.Fla. 8/27/08) (unpublished). *Cooper* also pointed out, however, that where a defendant

> was determined to be a career offender as that term is defined in U.S.S.G. § 4B1.1(a), the guideline imprisonment range established at sentencing was based on the offense level provided by § 4B1.1 for career offenders, and not pursuant to U.S.S.G. § 2D1.1. Thus, the application of the recent amendment to U.S.S.G. § 2D1.1 does not lower the movant's applicable guideline range, and therefore no reduction is appropriate under 18 U.S.C. § 3582(c)(2).

*Id.* at * 8. *Moore* demonstrates and affirms that point. It underscores the fact that two major components figure into sentencing: the prescribed sentencing range and the base offense level. It also affirms that courts are not authorized to consider a sentence reduction if "a retroactively applicable guideline amendment reduces a defendant's base offense level, but

does *not* alter the sentencing range upon which his or her sentence was based." *Moore*, 2008 WL 4093400 at * 7 (emphasis added). Here, nothing has altered the career offender sentencing range under which this Court sentenced Hamilton, so he is restricted to the § 2255, not the § 3582(c)(2), remedy.

Accordingly, Devon Hamilton's motion for reconsideration (doc. # 50) is ***DENIED***.

This  17  day of September, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA