# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TERRENCE DEVON HAMILTON,        )
                                )
    Movant,                     )
                                )
v.                              )    Case No. CV408-138
                                )    [underlying CR405-121]
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )

## **REPORT AND RECOMMENDATION**

Hamilton has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government opposes the motion. (Doc. 4.) For the following reasons, Hamilton's motion should be **DENIED**.

## I.  BACKGROUND

A federal grand jury indicted Hamilton on three counts of distribution of 5 grams or more of crack cocaine. (Cr. Doc. 24 (superceding indictment).) Hamilton entered a negotiated plea of guilty

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-138. "Cr. Doc." refers to documents filed under movant's criminal case, CR405-121.

to count one of the indictment. (Cr. Doc. 30.) On February 13, 2006, Hamilton was sentenced to 200 months' imprisonment and six years' supervised release. (Cr. Doc. 33.) On February 21, 2006, he filed a notice of appeal. (Cr. Doc. 34.) The Eleventh Circuit affirmed Hamilton's sentence. United States v. Hamilton, 195 F. App'x 915 (11th Cir. 2006).

Hamilton is currently incarcerated at USP Atlanta. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion was filed on July 21, 2008. (Id.) He raises a single ground for relief, contending that several of the state convictions the sentencing judge relied upon in calculating his federal sentence have been vacated, so he should be resentenced pursuant to United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). (Doc. 1 at 4.)

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to establish a one-year statute of limitations in § 2255 proceedings. The limitation period runs from one of four occurrences listed in § 2255(f). Under §2255(f)(4), the limitation period

runs from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." When a prisoner is successful in securing the vacatur of a state conviction that was relied upon at a federal sentencing, the vacatur qualifies as a "fact" under 2255(f)(4). Johnson v. United States, 544 U.S. 295, 310 (2005). Consequently, the one-year limitation period begins to run when the movant "receives notice of the order vacating the prior conviction, provided that he sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." Johnson, 544 U.S. at 298; Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005).

The government does not dispute that Hamilton successfully obtained orders vacating several of his prior state convictions that this Court relied upon at sentencing. (Doc. 5 at 5.) It argues, however, that Hamilton did not seek the vacatur of the state sentence with due diligence, as required by Johnson. (Id.) The courts that have considered the diligence issue have focused upon the length of time between the federal sentencing and the attempt at vacating any underlying state convictions. Johnson, 544 U.S. at 309 (". . . settling on the date of

judgment as the moment to activate due diligence seems best to reflect the statutory text and its underlying concerns."); Rivers, 416 F.3d at 1320 (holding that where a movant waited more than four years to file a state habeas petition as measured from the entry of judgment on his federal sentence, the movant failed to act with reasonable diligence); United States v. Griffin, 134 F. App'x 277, 279 (11th Cir. 2005) (reversing grant of §2255 motion in light of Johnson where there was a three year delay between the entry of judgment on a federal conviction and the subsequent filing of a state habeas petition). Here, Hamilton was sentenced on February 13, 2006. (Cr. Doc. 33.) He knew that the sentence was based, in part, upon his prior state convictions. (Cr. Doc. 38 at 9-10.) But he did not seek to vacate the underlying state convictions until December 4, 2007.[2] (Gov't's Ex. A at 1, 2.) Consequently, over 21 months passed between the imposition of his federal sentence and his effort to vacate the prior state convictions.

---

[2] Hamilton asserts that he filed his state habeas petition "less than a year after being convicted." (Doc. 1 at 25.) Accordingly, he argues that "[a]ny real delay in this case was due to the State Court's decision-making process." (Id.) His assertion is plainly refuted by the state habeas petition, which shows that it was filed on December 4, 2007, over 21 months after Hamilton's federal conviction. (Gov't's Ex. A at 1, 2.)

4

In Johnson, the Supreme Court indicated that a 21-month delay in filing a state habeas petition would be unreasonable:

> Although Johnson knew that his conviction subjected him to the career offender enhancement, he failed to attack the predicate for enhancement by filing his state habeas petition until February 1998, more than three years after entry of judgment in the federal case. Indeed, even if we moved the burden of diligence ahead to the date of finality of the federal conviction or to AEDPA's effective date two days later, Johnson still would have delayed unreasonably, having waited over 21 months.

522 U.S. at 311. Other courts have relied upon that language in dismissing a § 2255 motion. Wright v. United States, 2007 WL 3090804, at *4 (M.D. Ga. Oct. 19, 2007) (finding that petitioner did not exercise due diligence because he waited between 22 and 24 months after receiving federal sentence to seek vacatur of state conviction); see Rodriguez v. United States, 186 F. App'x 857, 859 (11th Cir. 2006) (noting that a 21-month delay is questionable under Johnson); Sullivan v. United States, 2005 WL 1669749, at *4 (M.D. Ga. June 30, 2005) (same). Hamilton offers no reason for his failure to promptly seek the vacatur of the state convictions. Consequently, the Court finds that Hamilton's 21-month

delay in filing his state habeas petition was unreasonable and his § 2255 motion is therefore untimely.

## III. CONCLUSION

For all of the reasons explained above, Hamilton's § 2255 motion should be **DENIED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  22nd  day of September, 2008.

*/s/ Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA