UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES OF AMERICA**

v.

408CV138
405CR121

**TERENCE DEVON HAMILTON**

## ORDER

This Court denied defendant Terence Devon Hamilton's 28 U.S.C. § 2255 motion as time-barred. *Hamilton v. U.S.*, 2008 WL 4533692 at * 2 (S.D.Ga. 10/6/08) (unpublished); 405CR121, doc. ## 58, 60, 61. Hamilton appeals, doc. # 63, and moves under F.R.Civ.P. 59(e) to alter or amend the Court's judgment,[1] doc. # 67, as well as for leave to appeal *in forma pauperis* (IFP).

Doc. # 70.[2] Finally, he impliedly moves for a Certificate of Appealability (COA), *see Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (Notice of Appeal (NOA) is treated as implied COA application), so his NOA (doc. # 63) is now his COA application.

To obtain a COA, a § 2255 movant must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but *also* that there is a substantial issue about the correctness of the procedural ground on which the motion was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C. § 2253(c)(2). *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007). To qualify for IFP status, he need not show he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court denies Hamilton's second motion to alter or amend because it is based on a 9/2/08 filing he claims is in the record but, in fact, is not. *See* doc. # 67 at 2 ¶ 4.

As for movant's COA/IFP motions, it is worth pausing to review the background of this case:

> A federal grand jury indicted Hamilton on three counts of distribution of 5 grams or more of crack cocaine. (Cr.Doc. 24

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F.Supp.2d 1330, 1344 (N.D. Ga. 1999), cited in *Gibson v. Ford Motor Co.*, 2007 WL 640030 at * 1 (N.D.Ga. 2/26/07) (unpublished).

Otherwise, a reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." *Id.* (quotes, cite and alteration omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King Corp. v. Hinton, Inc.*, 2002 WL 31059465 at * 1 (S.D.Fla. 7/19/02) (unpublished). It is only appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D.Fla. 2002) (quotes and cites omitted); *Stewart v. Hooters of America, Inc.*, 2008 WL 4534030 at * 2 (M.D.Fla. 10/6/08) (unpublished).

[2] Prior to *Hamilton*'s issuance, defendant moved to amend his § 2255 motion, doc. # 45, and that is now granted. In that motion (hereafter, his "first motion to amend"), Hamilton has sought only to complete the record of this case with an "original" copy of a state court order vacating "Petitioner's guilty pleas in the following criminal actions, to wit: CR0902552C, CR090278C and CR921668." Doc. # 45 at ECF screen page 3.

(superceding indictment).) Hamilton entered a negotiated plea of guilty to count one of the indictment. (Cr.Doc. 30.) On February 13, 2006, Hamilton was sentenced to 200 months' imprisonment and six years' supervised release. (Cr.Doc. 33.) On February 21, 2006, he filed a notice of appeal. (Cr.Doc. 34.) The Eleventh Circuit affirmed Hamilton's sentence. *United States v. Hamilton*, 195 F. App'x 915 (11th Cir.2006).

*Hamilton,* 2008 WL 4533692 at * 1. The Report and Recommendation (R&R), which this Court adopted, *id.*, noted Hamilton's contention that several of the state convictions that this Court relied upon in calculating his federal sentence have been vacated, so he should be resentenced pursuant *U.S. v. Walker*, 198 F.3d 811, 813 (11th Cir.1999). But under federal limitations law, Hamilton failed to seek vacation of such state-court convictions quickly enough, so he is not entitled to § 2255 relief now. 2008 WL 4533692 at * 2. Defendant's COA filings fail to suggest how he would show this reasoning to be prejudicially erroneous within the meaning of F.R.Civ.P. 61.

In that regard, it is Hamilton's burden to meet F.R.App.P. 24(a)'s IFP requirement: "Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R.App. P. 24(a)(1)." *U.S. v. Ferguson*, 2008 WL 220261 at * 10 (W.D.Tenn. 1/25/08) (unpublished).[3] Specifically, he has not satisfied Rule 24(a)(C) (IFP movant must attach an affidavit that "states the issues that the party intends to present on appeal"). His IFP filing presents *no* issues on appeal, and nothing that could rise to the COA/IFP criteria leaps out of his prior filings. *See, e.g.,* doc. # 8 (his R&R Objection).

Accordingly, the Court **GRANTS** defendant Terence Devon Hamilton's first motion to amend, doc. # 45, *see supra* n. 2, but **DENIES** his COA/IFP motions, doc. ## 63, 70, as well as his second motion to amend, doc. # 67.

This __4__ day of November, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] In many inmate civil cases that is not required if the Court has already granted the plaintiff IFP at the case's inception, *see* Rule 24(a)(1) & (3), but no such prior approval is granted in § 2255 cases because there is no filing fee (hence, the need for IFP) in the first place.