IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 405-121 |
| | * | |
| TERENCE DEVON HAMILTON | * | |

## O R D E R

On December 15, 2015, this Court denied Defendant Hamilton's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the United States Sentencing Guidelines. The Court determined that Defendant was not eligible for a reduction because he was sentenced as a career offender.

Presently, Defendant has filed a motion seeking reconsideration of the Order of December 15, 2015, on two grounds. First, Defendant claims that this Court does not have "jurisdiction" to sentence him as a career offender because his prior state convictions have been "declared Null and Void." (Doc. 101, at 1-2.) This argument is an attack on the legality of his conviction. That is, Defendant claims, in essence, that he was improperly sentenced as a career offender. The proper vehicle through which to attack the legality of a conviction or sentence is a motion to vacate,

set aside or correct sentence under 28 U.S.C. § 2255. Defendant, however, has already filed a § 2255 motion. In order for him to bring another § 2255 motion, he would have to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). Because Defendant has not acquired the necessary authorization to bring a successive § 2255 motion, this Court may not consider the merits of this particular ground for reconsideration.

Second, Defendant claims that Amendment 782 affected the guideline range for career offenders as well. Defendant refers to his guideline range as a "career criminal guideline range." (Doc. 101, at 2-3.) ("The reduction of sentence also applies to the career criminal guideline range because it also is based on the drug quantity table for determination of sentence. . . . Therefore, the court[']s simple explanation of quoting career criminal offender as the reason for denial is without merit.") With respect to this ground, Defendant is simply wrong. The Court has once again reviewed Defendant's Presentence Investigation Report. The PSI bears out the fact that, contrary to Defendant's contention, the Court did not select a guideline range from the drug quantity tables of U.S.S.G. § 2D1.1 but determined his sentencing range under the Career Offender table located under U.S.S.G. § 4B1.1(b).

Amendment 782 did not affect or amend the guideline ranges determined under U.S.S.G. § 4B1.1(b). United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (stating that § 3582(c)(2) does not authorize a reduction in sentence where the defendant's total offense level and guideline range is based on § 4B1.1 as a career offender, and not § 2D1.1, and the subsequent reduction applies to the base offense levels in § 2D1.1, but not § 4B1.1). Accordingly, Amendment 782 did not lower Defendant's offense level; he is therefore ineligible for relief under that amendment. See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence.").

Upon the foregoing, Defendant's motion for reconsideration (doc. 101) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2016.

---

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3